IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| AARON RAISER, also known as T.G., | : : : | Case No. 2:04cv00896 TC |
| Plaintiff, | : | MEMORANDUM DECISION AND ORDER |
| vs. | | |
| THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, and BRIGHAM YOUNG UNIVERSITY, | | JUDGE TENA CAMPBELL |
| | | MAGISTRATE JUDGE BROOKE C. WELLS |
| Defendants. | | |

Aaron Raiser, filed the instant action on September 23, 2004, against The Church of Jesus Christ of Latter-Day Saints, and Brigham Young University.  Before the court are a number of motions filed by the parties.  In particular, Raiser has filed approximately twenty-five motions.  The court does not list all the motions at this time.  Instead, the court will group them into broad categories, especially because many of them are duplicative or related.  For example, Raiser has eight motions for extension of discovery dates.  For ease of reference, a summary list of motions and whether or not they are denied or granted will be provided in the conclusion.

At the outset, the court notes the rules of civil procedure

state "[e]very action shall be prosecuted in the name of the real party in interest."[1]  There are no rules or statutes permitting parties to proceed under a fictitious name.[2]  The Tenth Circuit has however in exceptional circumstances allowed a party to proceed anonymously.[3]  Raiser has filed a Motion to Continue to Use TG in Caption.[4]

Previously, the court considered this request and denied it because Raiser failed to make the necessary demonstration warranting an exception.[5]  Raiser has again failed to make the necessary showing.  The court therefore, DENIES Raiser's Motion to Continue to Use TG in Caption.

## Sealed Motions, Motions for Bond, and Motion to Proceed In Forma Pauperis

Sealed motions docket numbers 49, 58, and 73 pertain to Raiser's Motion to Proceed In Forma Pauperis on appeal.  In relation to Raiser's motions is the Church's Motion for Bond.

---

[1]  Fed. R. Civ. P. 17(a).

[2]  *See id.; Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

[3]  *See id.; M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998).

[4]  *See* Mtn., docket numbers 119, 118.

[5]  *See* Order, docket number 34.

Co-defendant BYU joins in the Church's motion.[6]  The Church moves the court for "an order requiring Plaintiff to post a bond for $1,000 as security for costs and possible sanctions upon the appeal filed on or about May 17, 2005."[7]  In affidavits before this court, Raiser attests that he cannot afford the docket fees or post a bond for his appeal.  The Tenth Circuit granted Raiser's motion to proceed in forma pauperis.[8]  The court therefore, deems these motions MOOT.

### Motions for Protective Order and Deposition by Phone

Raiser has filed three motions for a protective order and two amended motions for a protective order both amending his third motion for a protective order.[9]  BYU has also filed a motion for protective order.[10]  All these motions relate to depositions in this case.  Raiser's motions concern his own deposition.  Defendant's motion seeks to disallow the depositions of Erik Davis, Dave Thomas, and Mike Orme all individuals that Raiser seeks to depose.

In relation to Raiser's various motions for a protective

---

[6]  *See* Docket number 61.

[7]  Mtn. for Bond p. 1.

[8]  *See* Order, docket number 70.

[9]  *See* Mtns, docket numbers 64, 88, 96, 103 and 127.

[10]  *See* Mtn., docket number 89.

order is also his Motion to Permit Plaintiff to do Deposition by Phone.[11]  In this motion Raiser seeks to take the deposition of Mr. Davis by phone.  Raiser states that this request is based on the same arguments found in his amended motion for protective order where he argues that his deposition should be conducted over the phone.  According to court records, Raiser currently resides in Canoga Park, California.  Raiser states that he does not have the financial ability to travel multiple times to Utah for depositions.  The court first addresses Raiser's motions.

1. Raiser's Motions

     In a prior hearing the district court specifically instructed Raiser about arranging for depositions "as soon as possible."[12]  When asked by the court if he understood Raiser replied "yeah."[13]  Based on the record it appears the parties did have an available time frame to conduct all depositions, July 18-19.  Raiser proposed July 19th as a date he would be available for deposition.[14]  Indeed, Raiser specifically agreed via email to appear for a deposition **in Utah** on July 19, 2005.[15]   Raiser,

---

[11]   *See* Mtn., docket number 124.

[12]   Transcript of April 19, 2005 hearing at 16:1-7, attached as Ex. A to Omnibus Mem. in Opp.  Hereafter referred to as Tr.

[13]   *Id.*

[14]   *See* First Motion for Protective Order, p. 2.

[15]   *See* Omnibus Mem. in Opp. Ex. D.

4

however, failed to appear for any deposition.  Raiser further
failed to conduct any depositions as proposed on July 18th.

In support of his motions Raiser alleges that the April 19th
hearing forbid any deposition of Plaintiff.[16]  The April 19th
hearing concerned whether the Church should be granted summary
judgment and be dismissed or if Plaintiff should be granted
additional time to conduct discovery.  The discovery at issue in
the hearing was solely Raiser's discovery.  Contrary to Raiser's
allegations, the court fails to find anything that limits
Defendants' discovery.  Raiser had a choice regarding where to
file suit.  He chose to file in Utah and the court agrees with
Defendants that they are entitled to depose him in Utah.  And, if
this case did proceed to trial, Raiser would be required to be
present in Utah during the trial.  Accordingly, the court DENIES
Raiser's Motions for a Protective Order.  The court further
DENIES Raiser's request that his deposition be taken over the
phone.  Raiser agreed to be in Utah at a certain time and simply
failed to comport with his agreement.  Raiser is to appear in
Utah for his deposition.

Next the court turns to Raiser's motion to permit a phone
deposition of Mr. Davis.  Generally each party is to bear their

---

[16]   *See* Second Motion for Protective Order p. 2.

5

own litigation expenses.[17]   Raiser has cited his financial
distress as a basis for allowing him to conduct a phone
deposition.  "In the absence of special circumstances, the court
should ordinarily allow the examining party to choose [their] own
mode of examination."[18]  Accordingly, the court GRANTS Raiser's
motion for taking Mr. Davis' deposition over the phone but does
so with three reservations.  First, any phone deposition must
have the capability to be recorded.[19]  Raiser cannot simply call
from a pay phone and conduct Mr. Davis' deposition.  Second,
given Raiser's emphasis on the need for cross-examination at the
April hearing, it seems somewhat strange that Raiser would not
want to conduct Mr. Davis' deposition in person.  Finally, the
court has ordered Raiser to appear in Utah for his own
deposition.  So to the court, it would make sense to simply
schedule Mr. Davis' deposition during the same time frame Raiser
is in Utah.  Raiser would only need to say an additional day or
so to depose Mr. Davis.

    Next, the court finds it important to note that the granting
of Raiser's motion does not automatically mean he is entitled to
take the Davis deposition.  The discovery deadline has passed and

---

    [17]  *See Dreiling et al. v. Peugeot Motors*, 850 F.2d 1373,
1382 (10th Cir. 1988).

    [18]  *Interlego v. Leslie-Henry Co.*, 32 F.R.D. 9, 10 (M.D.Pa.
1963).

    [19]  *See* Fed. R. Civ. P. 30(b).

as discussed *infra*, the court declines to extend this deadline
any further.  But, should the district court decide to deny the
pending motions to dismiss, or to permit some extension of
discovery, this court may consider allowing Raiser to take Mr.
Davis' deposition at a future date.  Finally, the court wishes to
note that the granting of Raiser's motion does not foreclose the
possibility that this case is ripe for dismissal based on
Raiser's failure "to prosecute or to comply with . . . any order
of the court,"[20] or for the reasons set forth in Defendants'
motions to dismiss.

2. BYU's Motion

     BYU has also filed a motion for protective order.[21]  BYU's
motion seeks to disallow the depositions of Erik Davis, Dave
Thomas, and Mike Orme all individuals that Raiser noticed for
deposition.  This notice was sent to BYU's counsel.

     In a hearing before the district court on April 19, 2005,
Raiser was specifically limited in his deposition discovery to
Erik Davis, Dan Towsey, and Eugene Bramhall.[22]  The depositions
of Dave Thomas and Mike Orme are outside of the permitted
deposition discovery.  Therefore, the court GRANTS BYU's Motion

---

[20]   Fed. R. Civ. P. 41(b).

[21]   *See* Mtn., docket number 89.

[22]   *See* Tr. 14:9-15 (stating that "Discovery will consist
only of the depositions of Mr. Davis, the deposition of Mr.
Bramhall and the deposition of Dan Towsey").

for Protective Order as it pertains to Dave Thomas and Mike Orme.

In similar fashion, the court also GRANTS BYU's motion as it pertains to Mr. Davis for the noticed deposition previously sent by Raiser.  This is based on Raiser's failure to arrange with Defense Counsel dates that would work for all parties, and his failure to comply with Federal Rules 30 and 45.  Raiser's failure to cooperate was in violation of the district court's prior instructions.[23]  In theory, the court is leaving open the possibility of Raiser deposing Mr. Davis at some future date.  In practical terms however, this deposition will not take place unless the district court finds that the discovery deadline should be extended.

## Motions for Extension of Time Discovery Cutoff

At a hearing on April 19, 2005, the court extended the discovery deadline to July 19, 2005.  In doing so the court specifically instructed Raiser that "[a]ll your discovery must be completed no later than July 19th, 2005" and that no further discovery extensions would be granted.[24]  Raiser has had more than enough time to conduct discovery and schedule depositions. In accordance with the district court's previous decision, this court DENIES all of Raiser's Motions for Extension of the

---

[23]  *See* Tr. at 16:1-6.

[24]  *See* Tr. at 14:8, 11-12.

8

Discovery Cutoff.[25]

## Motion to Amend

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a trial court has discretion to grant leave to amend a complaint after the permissive period and leave is to be freely given when justice so requires.[26]  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[27]

Raiser's amended complaint removes two causes of action, defamation and false light, and according to Raiser, "simplifies the fact allegations."[28]  The court finds there is no undue prejudice to Defendants because Raiser's new complaint removes causes of action and helps narrow the issues in this case. Accordingly, Raiser's Motion to Amend is GRANTED.  The court however, wishes to emphasize the fact that there are no new

---

[25]  *See* Motions, docket numbers 92, 97, 98, 104, 109, 110, 123 and 124.

[26]  See Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994).

[27]  Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

[28]  Motion to Amend/Correct Motion to Amend/Correct Complaint p. 1, docket number 65.

causes of action set forth in the amended complaint.  So in the court's opinion, the arguments made by Defendants in support of their motion to dismiss are equally applicable to the amended complaint as they were to Raisers previous complaint.  The amended complaint is essentially a streamlined replica of the old complaint.

### Discovery Motions

Rule 26(b)(1) of the Federal Rules of Civil Procedure states in relevant part: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . .  The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."[29]  This rule has been interpreted broadly by the United States Supreme Court.[30]  "[A]t the discovery stage, the concept of relevance should be construed very broadly."[31]  A court may however, limit discovery where "the discovery sought is . . . obtainable from some other source that is more convenient,

---

[29]   Fed. R. Civ. P. 26(b)(1).

[30]   See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978).

[31]   Gohler, IRA, et al. v. Wood et al., 162 F.R.D. 691, 695 (D. Utah 1995).

less burdensome, or less expensive."[32]  A court may also limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit."[33]

Raiser has filed approximately seven Motions to Compel Discovery.[34]  The court outlines them as follows:

1.  Raiser's first motion to compel seeks an order requiring BYU "to answer the questions Plaintiff poses to them regarding whether Dave Thomas was the first to inform Erik Davis of Plaintiff's alleged psychiatric history and to disallow them to claim any privilege."[35]

2.  Raiser's fourth motion to compel,[36] seeks an order requiring BYU to cooperate in setting a mutually agreeable date for Mr. Davis deposition.  Raiser "only has money to travel to Utah once" and he was forced to attend a hearing in a state civil case on July 19, 2005.[37]  Incidently, the court notes that Raiser never traveled to Utah for the state hearing in violation of an

---

[32]  Fed. R. Civ. P. 26(b)(2)(i).

[33]  Fed. R. Civ. P. 26(b)(2)(iii).

[34]  *See* Motions, docket numbers 100, 111, 112, 125, 126, 167, and 168.

[35]  Pla.'s Motion, p. 1-2, docket number 100.

[36]  *See* docket number 111.

[37]  Pla.'s Fourth Mtn. to Compel p. 2.

Order of the Utah Fourth District Court.[38]  Raiser's fourth
motion to compel also seeks an extension of the discovery
deadline.  The court denied this same request *supra*, and declines
to grant it in the context of this motion either.

3.  Next, Raiser's fifth motion relates once again to the
discussions between Dave Thomas, Eugene Bramhall and Erik Davis.
This motion seeks answers to Raiser's interrogatories 8, 9, and
10, and request for production of documents #1.

4.  Raiser next files an amended motion to compel seeking an
order requiring BYU to answer questions posed regarding "whether
Dave Thomas was the first to inform Erik Davis of Plaintiff's
alleged psychiatric history and like questions and to disallow
them to claim any privilege."[39]  In this motion Raiser again
seeks an extension of the discovery cut off date which the court
denies.

5.  Raisers next motion to compel is characterized as his
Amended Fourth Motion to Compel.[40]  Once again this motion
pertains to the same line of questioning Raiser seeks to ask of
Mr. Davis that could have been done in a deposition.  This motion
does not materially differ from Raiser's Fourth Motion to Compel.

6.  Raiser also titles his next motion as an Amended Fourth

---

[38]   *See* Omnibus Mem. in Opp. p. 6.

[39]   Pla.'s Amended motion p. 2, docket number 125.

[40]   *See* Motion, docket number 126.

Motion to Compel Discovery.[41]  This motion is nearly identical and does not materially differ from the other Amended Fourth Motion to Compel.[42]

7.  Finally, Raiser filed a motion entitled Amended Fifth Motion to Compel Discovery.[43]  This motion does not materially differ from Raiser's Fifth Motion to Compel.[44]

All of these motions essentially center around Mr. Davis and how he became aware that Raiser had a psychiatric history. According to Raiser, only two people knew of Raiser's history, Dan Towsey and Eugene Bramhall.[45]  Tellingly, the district court in the April 19, 2005, hearing found the affidavit of Mr. Davis most compelling in support of a motion for summary judgment.[46] This affidavit stated that Mr. Davis "did not get that information from the church. I got it from police records."[47] But despite the compelling nature of this evidence, the district court denied the motion for summary judgment without prejudice

---

[41]  *See* Motion, docket number 167.

[42]  *See* Motion, docket number 126.

[43]  *See* Motion, docket number 168.

[44]  *See* Motion, docket number 112.

[45]  *See* Tr. 6:18-25.

[46]  *See id.* 5: 15-24.

[47]  *See id.*

and specifically asked what discovery Raiser needed.[48]  Raiser
gave some examples of how Mr. Davis could have received this
information from other sources and then went on to stress the
importance of "simple cross-examination."[49]  In an abundance of
caution, the district court extended the discovery deadline to
allow Raiser to conduct depositions in order to have an
opportunity for cross-examination.[50]  Despite this forbearance,
Raiser failed to conduct any depositions.

At this same hearing, Raiser asked Defendants to answer his
requests and interrogatories.  These requests sought information
in the possession of BYU.  After being asked by the court, BYU
specifically agreed to "assist in making those discovery
responses complete, so we have no objection to the information
he's asked for."[51]  After a careful review of the transcript from
this hearing, the court finds BYU failed to abide by the spirit
of cooperation to which they agreed.  BYU's answers to some of
Raiser's discovery requests are in this court's view, quite vague
and primarily filled with objections of attorney work-product and
attorney client privileges.  Therefore, the court orders BYU to
amend their answers to Interrogatory number 8 and 10.  The court

---

[48]   *See id.* 6:13-17.

[49]   *See id.* 8:2-20.

[50]   *See id.* 12:17-21.

[51]   *Id.* 17:20-22.

is not persuaded that the attorney work-product privilege would prevent BYU from providing more detailed answers.  As it pertains to Raiser's request number 1 and interrogatory number 9 the court finds BYU's responses adequate.  BYU is to amend their answers within 7 days from the date of this order.  This should enable Raiser to adequately incorporate anything from these amended answers into his opposition to BYU's motion for summary judgment which is due by November 14, 2005.

Based on the foregoing, Raiser's Fifth Motion to Compel Discovery is GRANTED in PART and DENIED in PART.  Raiser's Amended Fifth Motion to Compel is deemed MOOT and Raiser's remaining Motions to Compel Discovery are DENIED.

## OTHER MOTIONS

In addition to the foregoing, Raiser has also filed the following motions: Motion for Extension of Time to Respond to Motion for Protective Order;[52] Motion to Hold Erik Davis in Contempt of Court;[53] and a Motion to Amend/Correct Response to Motion.[54]  The court finds that Raiser has failed to show good cause for the granting of any of these motions.  The court therefore DENIES them.

---

[52]  *See* Motion, docket number 166.

[53]  *See* Motion, docket number 169.

[54]  *See* Motion, docket number 171

15

BYU has filed two Motions to Strike Raiser's Response to Motion to Hold Plaintiff as a Vexatious Litigant.[55]  On September 14, 2005, Raiser filed a Response to Defendant's Motion for Permanent Injunction/Holding Plaintiff as Vexatious Litigant. Raiser filed the response without leave of court in violation of local rule DUCivR 56-1(b).  Accordingly, the court will not consider the response and GRANTS BYU's Motions to Strike.

## CONCLUSION

Finally, the court wishes to note that Raiser states "he appreciates this court very much and realizes that the court is under extreme time and resource pressures. However, Plaintiff wants a fair adjudication of the case . . . ."[56]  The court agrees with Raiser that he is entitled to a fair adjudication of his case.  Certainly, one of the founding principles that makes this nation great is free and open access to the courts for all individuals.  Notwithstanding this principle, parties before the court must abide by certain rules.  Parties who fail to abide by the rules face consequences.  For example, a district court has power pursuant to 28 U.S.C. § 1651(a) to enjoin litigants who

---

[55]  *See* Motions, docket numbers 184, 198.

[56]  Pla.'s Rep. p. 2, docket number 151.

16

abuse the court system by harassing their opponents.[57]

Although Raiser allegedly appreciates the time and resources of this court, the court finds it somewhat puzzling why Raiser then proceeds to file numerous motions which are duplicative. The fair adjudication of ones case does not require the filing and disposition of numerous repetitive motions.  In the instant case, two orders were entered prohibiting Raiser from filing further motions so the court could resolve the motions pending before it.[58]

Based upon the record before the court, the court finds Raiser's actions have been abusive.  Raisers repeated filings, which are usually duplicative, have unnecessarily burdened Defendants and created needless delays in the speedy resolution of this case.  To that end the court recommends that Judge Campbell carefully consider contacting Chief Judge Dee Benson about the possibility of placing Raiser on restricted filing status.  Raiser's disregard of the local rules and litigious motion practices may warrant such a result.

For ease of reference, below is a summary of the court's decision.

---

[57]   *See Tripati v. Beaman*, 878 F.2d 351, 352-53 (10th Cir. 1989); *see also Cotner v. Hopkins*, 795 F.2d 900, 902-03 (10th Cir. 1986) (permitting a district court to require a plaintiff to meet certain preconditions before filing future actions).

[58]   *See* Order dated September 1, 2005, docket number 163 and Order dated August 3, 2005, docket number 120.

49.  Sealed Motion is MOOT

55.  Motion for Bond is MOOT

58.  Sealed Motion is MOOT

61.  Motion for Bond is MOOT

64.  Motion for Protective Order is DENIED

65.  Motion to Amend/Correct is GRANTED

73.  Motion for Leave to Proceed in forma pauperis is MOOT

88.  Motion for Protective Order is DENIED

89.  Motion for Protective Order is GRANTED

92.  Motion for Extension of Time Discovery Cutoff is DENIED

96.  Motion for Protective Order is DENIED

97.  Motion for Extension of Time Discovery Cutoff is DENIED

98.  Motion for Extension of Time Discovery Cutoff is DENIED

100.  Motion to Compel Discovery is DENIED

103.  Motion for Protective Order is DENIED

104.  Motion for Extension of Time Discovery Cutoff is
DENIED

109.  Motion for Extension of Time Discovery Cutoff is
DENIED

110.  Motion for Extension of Time Discovery Cutoff is
DENIED

111.  Motion to Compel Discovery is DENIED

112.  Motion to Compel Discovery is GRANTED in PART DENIED
in PART

119.   Motion to Continue to Use TG in Caption is DENIED

123.   Motion for Extension of Time Discovery Cutoff is

DENIED

124.   Motion to Permit Plaintiff to Do Deposition by Phone

is GRANTED but the request for an extension of the discovery

date is DENIED

125.   Motion to Compel Discovery is DENIED

126.   Motion to Compel Discovery is DENIED

127.   Motion for Protective Order is DENIED

166.   Motion for Extension of Time to Respond is DENIED

167.   Motion to Compel Discovery is DENIED

168.   Motion to Compel Discover is MOOT

169.   Motion to Hold Eric Davis in Contempt of Court is

DENIED

171.   Motion to Amend/Correct Response to Motion is DENIED

184.   Motion to Strike is GRANTED

198.   Motion to Strike is GRANTED


DATED this  2nd  day of November, 2005.

                    BY THE COURT:


                    _____
                    BROOKE C. WELLS
                    United States Magistrate Judge


                              19